**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **Robert Jackson,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **Safety-Kleen Systems, Inc.,** | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Robert Jackson ("Jackson") and files this, his Original Complaint and Jury Demand against Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen" or "Defendant") concerning certain grievances arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq,* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. In support thereof Plaintiff respectfully states as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(4), 29 U.S.C. § 626, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e-5(f)(3). The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2.     Venue is proper in this district under 28 U.S.C. § 1391.

## II. PARTIES

3.     Plaintiff is a Black male over the age of 40 years old.

4.     Defendant Safety-Kleen Systems, Inc. is a foreign for-profit corporation registered and doing business in the state of Texas and can be served with process through its registered agent for service, CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

## III.  FACTUAL BACKGROUND

5.     Defendant Safety-Kleen Systems, Inc. is a service provider that focuses on collecting and recycling oil, providing industrial cleaning, and handling industrial waste. In addition, their products line includes cleaning equipment, antifreeze and coolant, windshield cleaner, and re-refined oil products. Safety-Kleen is based in Plano, Texas, with its headquarters located at 5400 Legacy Dr., Cluster II Building 3, Plano, TX 75204. Safety-Kleen has over 4,500 employees in the US, Canada and Puerto Rico.

6.     Safety-Kleen Systems, Inc. is an "employer" within the meaning of 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8).

7.     Robert Jackson is currently fifty-seven (57) years old and Safety-Kleen terminated him at the age of fifty-six (56). Jackson began working for Safety-Kleen in 1994 and provided sixteen (16) years of diligent service to Safety-Kleen before being terminated on March 19, 2010. Jackson was a "lead man" in the shipping department whose responsibilities included, but were not limited to, keeping the line loaded with drums to be shipped for transport.

8.     Per Safety-Kleen policy, containers carrying hazardous waste materials are to be clearly labeled with markings and symbols on the outside of the trailer and container, indicating

that the containers and trailers leaving the Safety-Kleen facility are carrying hazardous waste. Trailers are then recorded in a logbook or manifest, showing whether the containers and trailers being shipped are carrying hazardous or non-hazardous waste. Before leaving the facility, a supervisor cross-checks the manifest number with the driver's authorization number, and then sends the truck out for shipping.

9. On Wednesday March 10, 2010, a truck arrived at the Safety-Kleen facility to pick up a load for shipping. Upon arrival, Safety-Kleen matched the driver's authorization number (the number signifying which load to haul) with the load number that was prepared for shipping. Safety-Kleen allowed the driver to enter the facility and load his trailer for shipping.

10. Individuals other than Jackson, the driver and Safety-Kleen loaders, prepared the trailer carrying hazardous waste, its manifest, and prepared it for transportation. Mr. Jackson did not do this and was not supposed to do this.  The other Safety-Kleen employees failed to place the proper markings and symbols on the truck and manifest designating the trailer as a haul of non-hazardous waste.  Prior to the improperly marked shipment leaving the facility, and after multiple unsuccessful attempts to contact the on-shift supervisor (not Jackson) to release the truck for shipment, Plaintiff was called out to cross check the manifest number with the driver's authorization number.

11. Because other Safety-Kleen employees had not properly labeled and loaded the truck or correctly created the manifest, Plaintiff processed the truck through the system for shipment without understanding that the shipment contained hazardous waste.  As a result, a load of hazardous waste containers were shipped to a non-hazardous landfill.

12. The Safety-Kleen shipping mistake on March 10, 2010 was made before the load even reached Jackson's supervision and was done in a way where his cross-checking of the

shipment did not reveal the prior employees' errors.   After the shipping error was later discovered, facility manager Bob Sorenson and supervisors Lawrence Ellis and Gary Lewis told Jackson "not to worry," and that several people were involved in the mistake.

13.     Without prior warning or discipline, on April 19, 2010, Bob Sorenson and plant manager Lawrence Ellis informed Jackson that a corporate decision had been made, and that Jackson was being terminated for shipping a wrong trailer and violating shipping codes.

14.     Prior to his termination, Plaintiff received no prior discipline, verbal or written, for the incident that allegedly lead to his termination. In terminating Jackson, Safety-Kleen failed to follow its own progressive discipline policy.

15.     During Jackson's 16-year employment with Defendant, Safety-Kleen repeatedly turned down Jackson's attempts at promotion to a supervisor position despite his hard work, dedication, and excellent service to Defendant. At one point Jackson was named employee of the year. As time passed, supervisor Gary Lewis, who is substantially younger than Plaintiff, would make the ageist statement to Jackson that Jackson is "getting old."

16.     The alleged reason for Plaintiff's termination, shipping the wrong trailer and violating shipping codes, is clearly pretextual as the alleged mistake was made before Plaintiff was even in the picture, and no other person involved in the incident was disciplined. Defendant fired Plaintiff because he was older and black and to make the overall workforce younger.

17.     Defendant replaced Jackson with either a man named Keith Isbell or a man named "Bubba," both substantially younger and white.

18.     Both Isbell and Bubba have several prior safety violations and lack the good performance record held by Plaintiff.

19.     In the months prior to his termination, Jackson witnessed several other older employees being terminated and it is apparent that Safety-Kleen is intentionally terminating its older employees.

20.     After his wrongful termination, Jackson filed a claim with the Texas Workforce Commission ("TWC") for unemployment benefits. Safety-Kleen chose to challenge Plaintiff's employment benefits by falsely contending that Jackson was terminated due to misconduct. However, during the appeal hearing of Plaintiff's unemployment benefits with the TWC, Safety-Kleen's witnesses and representatives immediately withdrew and hung-up from the telephone appeal hearing after they heard Plaintiff was represented by counsel for the hearing.

21.     The TWC issued an appeal decision on May 27, 2010 finding that Jackson was entitled to unemployment benefits.  The TWC made a finding of fact that the shipping error on March 10, 2010 was not Jackson's fault, as neither the manifest nor the containers informed Jackson that the containers contained hazardous materials.  The TWC also made a finding of fact that Safety-Kleen has a progressive discipline policy that allows each employee to receive a verbal and two written warnings before a subsequent policy violation would lead to discharge and that Jackson had not received any prior warnings.

22.     Plaintiff timely filed an EEOC charge of discrimination for age discrimination on June 14, 2010.  Plaintiff received a notice of right to sue letter from the EEOC that was dated February 15, 2011 which was co-filed with the Texas Workforce Commission Civil Rights Division. This suit is being filed within 90 days of Plaintiff having received the notice of right to sue letter from the EEOC.   Plaintiff has requested a right to sue letter from the Texas Workforce Commission Civil Rights Division.

## IV. CAUSES OF ACTION

**A.     Age Discrimination**

23.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein.

24.     Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the ADEA and the Texas Labor Code.

25.     Defendant's actions, including but not limited to the ultimate termination of Plaintiff, were undertaken because of Plaintiff's age.   These actions constituted a continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*.

26.     Due to Defendant's actions, including but not limited to Plaintiff's ultimate termination, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

27.     Defendant's actions referenced in paragraphs 1-22 were willful, entitling Plaintiff to liquidated damages under the ADEA.

28.     Defendant's actions referenced in paragraphs 1-22 were intentional, malicious, and committed with reckless indifference to Plaintiff's state-protected rights, entitling Plaintiff to compensatory and punitive damages under the Texas Labor Code Chapter 21.

29.     Defendant's actions referenced above in paragraphs 1-22 have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his state and federal rights in this action.  Plaintiff seeks his reasonable attorneys' fees and costs in this matter.

**B.      Race Discrimination**

30.      Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 29 as if fully stated herein.

31.      As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's race in violation of 42 U.S.C. §2000e-2(a), 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*.  The employment practices complained of above were intentional.

32.      Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under Title VII, section 1981, and the Texas Labor Code.

33.      As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with his employment.

34.      As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

35.      Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federal- and state-protected rights.  Plaintiff therefore seeks punitive damages under 42 U.S.C. §§ 1981, 1981a, and the Texas Labor Code.

36.      Additionally, Plaintiff seeks any and all equitable relief necessary to return him to the position that he would have been in but for Defendant's unlawful discrimination.

37.     Defendant's actions referenced above in paragraphs 1-22 have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his state and federal rights in this action.  Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(k), and the Texas Labor Code.

## IV. JURY DEMAND

38.     Plaintiff hereby demands a jury trial on all issues, claims, actions, and defenses against Safety-Kleen.

## V. PRAYER

WHEREFORE, Plaintiff, respectfully requests that the above-named Defendant, Safety-Kleen Systems, Inc., be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

a.     Judgment against Defendant for lost wages and benefits, both back pay and front pay;

b.     Judgment against Defendant ordering Defendant to take such other reasonable actions as may be necessary to remedy the effects of Defendant's violation of 28 U.S.C. § 621, *et seq.*, as amended, 42 U.S.C. § 1981, 42 U.S.C. § 2000(e), and the Texas Labor Code;

c.     Judgment against Defendant for liquidated damages under 28 U.S.C. § 621, *et seq.*, as amended;

d.     In the alternative to front pay, judgment against Defendant reinstating Plaintiff to his position of employment, equivalent position of employment, or the position of employment he would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

e.     Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

f.      Judgment against Defendant for punitive damages to the extent allowed under the law;

g.      Pre-judgment interest at the appropriate legal rate on all amounts awarded;

h.      Interest after judgment at the appropriate legal rate on all amounts awarded until paid in

full;

i.      Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees;

j.      Costs of suit; and

k.      Such other and further relief to which Plaintiff may justly be entitled.


Respectfully submitted,

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax: (214) 720-2291



Dated: May 6, 2011           By:   /s/ Joseph H. Gillespie
                                   Joseph H. Gillespie
                                   ATTORNEY-IN-CHARGE
                                   State Bar No. 24036636
                                   Adam S. Greenfield
                                   State Bar No. 24075494