IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| ROBERT JACKSON | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:11CV262 |
| | § | |
| SAFETY-KLEEN SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER CONTINUING FINAL PRETRIAL CONFERENCE**

Now before the Court is Defendant's Motion for Summary Judgment (Dkt. 20). As set forth below, the Court finds that the motion should be GRANTED as to Plaintiff's claims of racial discrimination and under Title VII, section 1981 and the Texas Labor Code and age discrimination under the ADEA and DENIED as to Plaintiff's claims of age discrimination under the TCHRA.

FACTUAL BACKGROUND

Plaintiff, Robert Jackson filed this suit against his former employer, Safety-Kleen Systems, Inc. Jackson claims he was fired because of his race (African-American) and his age (56). Safety-Kleen maintains that Jackson was fired because, as a lead man for the plant, he failed to inspect a shipment that contained hazardous waste. The shipment was deposited in a Georgia landfill before it was discovered that it contained toxic waste. This necessitated placating federal and state agencies, remediating the Georgia fill, and paying fines. All this cost Safety-Kleen over $600,000. Defendant seeks summary judgment as to Plaintiff's claims of race and age discrimination.

## SUMMARY JUDGMENT STANDARD

Both parties have ably briefed the issues before the Court. Summary judgment is appropriate where the competent summary judgment evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bolton v. City of Dallas, Tex.*, 472 F.3d 261, 263 (5th Cir. 2006); *see* FED.R.CIV.P. 56(c). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## ANALYSIS

*Racial Discrimination*

Jackson maintains he was fired on the basis of his race. The Fifth Circuit applies the modified McDonnell Douglas approach in racial discrimination cases under Title VII. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-803, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973). Under this approach, Jackson must first make a *prima facie* case of racial discrimination. *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 317 (5th Cir. 2004). Then, Safety-Kleen must articulate a legitimate, non-discriminatory reason for firing Jackson. *Id.* If Safety-Kleen provides a legitimate, non-discriminatory reason, the presumption of discrimination disappears. *Id.* Jackson must then "offer sufficient evidence to create a genuine issue of material fact either (1) that [Safety-Kleen's] reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that [Safety-Kleen's] reason, while true, is only

one of the reasons for its conduct, and another 'motivating factor' is [Jackson's] protected characteristic (mixed-motives alternative)." *Rachid,* 376 F.3d at 312 (internal marks and citation omitted).

Jackson must first demonstrate a *prima facie* case. Jackson says he does. Safety-Kleen says he does not.

To make a *prima facie* case, Jackson must show that he is a member of a protected class, qualified to do his job, and was fired and replaced by someone outside his protected class. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000). A plaintiff can also establish a *prima facie* case under the fourth prong if he can show that he was treated less favorably because of his membership in that protected class than other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

If Jackson establishes a *prima facie* case, Safety-Kleen must proffer a legitimate, non-discriminatory reason for firing Jackson. *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). It is a burden of production, not persuasion. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000). To meet its burden, Safety-Kleen "must clearly set forth, through the introduction of admissible evidence, the reasons for [Jackson's firing]." *Burdine*, 450 U.S. at 255. Safety-Kleen is allowed to be incorrect in its assessment of the facts it relies on to justify firing Jackson, but it is not allowed to have any discriminatory animus against him in making its decision. *See Sandstad,* 309 F.3d at 899; *Laxton*

3

*v. Gap Inc.,* 333 F.3d 572, 579 (5th Cir. 2003).

It is Safety-Kleen's position that, after conducting an investigation into the incident, Jackson was fired for not inspecting the shipment and, as such, violated shipping policy. Although there was no written policy or protocol for inspection, Safety-Kleen maintains that his training was on the job, and he was trained in how to inspect shipments. Safety-Kleen maintains that Jackson cannot show that he was treated less favorably than non-black employees under nearly identical circumstances. Safety-Kleen maintains that to do so he would have to show that non-black employees committed the same or similar violations as he did but were not discharged. Safety-Kleen says that there are simply no other nearly identical circumstances.

"The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee*, 574 F.3d at 260. Jackson contends that the use of the comparator analysis is wrong, since Safety-Kleen had no written workplace rules. Nevertheless, Jackson says at least four other employees played a role in the mishap. Having reviewed the summary judgment evidence, it appears to the Court that, although Jackson was the last and only person charged with ensuring that the shipment was correct before the truck left the facility, other employees may have played some part in either transposing numbers on the trailer manifest or failing to put on a placard noting toxic chemicals. The summary judgment evidence also indicates that, while conducting checkouts, Jackson understood that he served in a gatekeeper role and would be the last person to inspect the cargo. *See* Dkt. 20-2 at p. 71:5-19.

Yet, in his Response and Sur-Reply, Jackson also notes that all of the employees had a responsibility for ensuring that the goods were properly loaded and checked. In essence, what Jackson is arguing based on the summary judgment record is plausible. It seems that the appropriate inquiry is not whether the employees hold the same job titles necessarily but whether the employer subjected them to different employment policies. *See Lathem v. Department of Children and Youth Services*, 172 F.3d 786, 793 (11th Cir. 1999).

However, the Court is guided by Fifth Circuit law. Part of the analysis is that the comparators must have comparable violation histories. *Lee*, 574 F.3d at 260-61. None do. In fact, Jackson acknowledged that he was aware of no similar incidents when a hazardous load was sent to a non-hazardous site. *See* Dkt. 20-3 at App. 116-117.

In the deposition of the plant supervisor, Sorenson testified that a number of people were suspended for allowing a barrel containing PCBs to be loaded on a tanker. Some were Caucasion, and at least one was African-American. *See* Dkt. 20-5 at App. 250- 253. But the Court finds that this incident is not comparable. African-American and Caucasian employees received identical treatment (a 1-day suspension) and only one barrel was involved which was caught in time to avoid serious consequences.

Jackson was terminated due to the severity of the consequences including federal and state fines not to mention the costs of clean up. Sorenson stated that the severity of the incident required the drastic remedy of termination although he basically stated that Jackson was a good long-term employee. The Court finds that the comparator test fails to support Jackson's position. He has not

shown that the conduct as compared to others was taken under nearly identical circumstances. Therefore, the Court finds that the Safety-Kleen's argument has merit.

Jackson maintains that the comparator analysis is not necessary in any event because he was replaced by a Caucasian male. According to the plant supervisor, an African-American named Daniel West was promoted to the lead position following Jackson's termination. *See* Dkt. 20-10 at App. 641. Jackson maintains that Kirk Pendergrass who is white replaced him. However, even Jackson testified that Pendergrass had the same position as he. *See* Dkt. 20-3 at App. 134, Depo. P. 133:1-6). The distinction that Plaintiff makes is that the day lead was more prestigious than the night lead. The Court finds that there is no genuine issue that Plaintiff's position was filled by an African-American. The same analysis would hold true under the Texas statute. *See Herbert v. City of Forest Hill*, 189 S.W. 3d 369, 375-76 (Tex. App.– Fort Worth, 2006, no pet.). The summary judgment record before the Court fails to create a genuine issue of material fact as to a *prima facie* case of racial discrimination. Therefore, summary judgment should be GRANTED as to Plaintiff's federal claims of racial discrimination. Because the same analysis applies to the state claims, summary judgment should be GRANTED as to those claims as well.

*Age Discrimination*

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of employment discrimination under the ADEA for discharge,

Plaintiff must prove that: "(1) [he] was discharged; (2) [he] was qualified for the position; (3) [he] was within the protected class at the time of discharge; and (4) [he] was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Berquist v. Washington Mut. Bank,* 500 F.3d 344, 349 (5th Cir. 2007) (citing *Rachid,* 376 F.3d at 309). Once a plaintiff establishes a *prima facie* case, the defendant must set forth a legitimate, nondiscriminatory reason for the employment action it took against the plaintiff. *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005). This is a burden of production, not persuasion, on the defendant's part, and it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L.Ed. 2d 407 (1993). If the defendant meets this burden, the plaintiff must establish that the employment action occurred because of intentional age discrimination. *Machinchick*, 398 F.3d at 350. This means that a plaintiff bringing a disparate-treatment claim under the ADEA must prove "that age was the but-for cause of the challenged adverse employment action.*" Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009) (internal quotation marks omitted). The ADEA does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor. *Id*. at 174.

According to the record before the Court, Jackson's replacement was 36 years-old. Therefore, the Court finds that Jackson has established a *prima facie* case of age discrimination. Safety-Kleen has stated a nondiscriminatory reason for its termination of Jackson. Therefore, under the federal standard, Jackson must offer summary judgment evidence to create a genuine issue of material fact that would show that age was the cause for his termination. Having reviewed the record

before it, the Court finds that there is no summary judgment evidence to create a genuine fact issue that Jackson was terminated solely because of his age. Because Plaintiff has failed to sustain his summary judgment burden, the Court finds that summary judgment should be GRANTED as to Plaintiff's ADEA claims.

The standard is different under the TCHRA. To establish a *prima facie* case of age discrimination under the TCHRA, a plaintiff in a true replacement case must show that he or she was (1) a member of the protected class, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) replaced by someone younger. Under the TCHRA, "an employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer ... discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB. CODE ANN. § 21.051 (2011); *see generally Mission Consol. Indep. Sch. Dist. v. Garcia*, 2012 WL 2476911, at *2 (Tex. 2012).

The Texas Legislature has indicated that Texas courts should look to federal law for guidance on interpreting the TCHRA. TEX. LAB. CODE ANN. § 21.001(1). Section 21.051 is effectively identical to Title VII except that Title VII does not protect against age and disability discrimination. *Mission Consol.*, 2012 WL 2476911, at *2. The Texas Supreme Court has held that, under the TCHRA, a plaintiff need only prove that age discrimination was "a motivating factor" in the termination decision. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001).

Here, Jackson has some offered circumstantial summary judgment evidence of age-related

8

discrimination.  There is no direct evidence; thus, the case is viewed as one of a pretext case.  *See generally Hernadez v. Grey Wolf Drilling, L.P.,* 350 S.W.3d 281, 284 (Tex. App. San Antonio, 2011, no writ).  Under Texas law, mixed-motive age discrimination claims are viable.  *See generally id.* at 285.  Expressions may be direct evidence of motivation, and not mere "stray remarks," when they are (1) made by the decision maker or one whose recommendation is sought by the decision maker, (2) related to the specific employment decision challenged, and (3) made close in time to the decision.  *See generally Lo v. Federal Deposit Ins. Corp.,* 846 F.Supp. 557, 564 (S.D. Tex. 1994), *aff'd,* 52 F.3d 1066 (5th Cir. 1995).

Jackson claims to have been subject to a number of ageist statements and that such was tolerated by Safety-Kleen.  Jackson says one of the comments came from his supervisor shortly before he was fired.  According to Ellison's deposition, Jackson's supervisor Lewis was part of the investigation team.  See Dkt. 25-5 at App. 69-70.  Therefore, on the issue of his claim under the TCHRA, the Court finds that there is a fact issue for resolution and summary judgment should be DENIED as to those claims.

Therefore, the Court finds that the only issue reserved for trial is Plaintiff's claim under the TCHRA as to age discrimination.  The question becomes whether the Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367.  Section 1367(c)(3) permits the court to dismiss the case state claims without prejudice when it has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. §1367(c)(3).  The Court recommends dismissal of the remaining TCHRA claim primarily for the reason that the Court does not have sufficient resources to try the case in light of the federal claims being dismissed.  The District is short two District Judges, and

when the parties insist on their constitutional right to trial by an Article III, the case is necessarily subject to one of the busiest criminal dockets in the United States. The parties would be better served by litigating the remaining issue in state court where chances are that a trial would be more expedient.

### RECOMMENDATION

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

*To allow the District Judge sufficient time to consider this report and any objections filed, the final pretrial conference in this matter, if necessary, is continued until November 5, 2012.*

**SIGNED this 25th day of September, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE